# HENRY J. LYMAN *v.* THE HILO TRIBUNE .PUBLISH-ING COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED MARCH 20, 1901.          DECIDED JULY 10, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action for libel, held, that there was no evidence which would warrant the jury in finding that the words published were true or that the publication was privileged, and that, under the circumstances, it was error for the Court to refuse to give an instruction to that effect.

Where the alleged libellous words are capable of being construed as charging the plaintiff with selling spirituous liquor and opium without a license, it is error for the trial judge to express the view, in the presence and hearing of the jury, that the said words do not so charge the plaintiff.

In an action for libel, evidence of specific acts of misconduct on the part of the plaintiff is inadmissible to prove the reputation of the plaintiff.

OPINION OF THE COURT BY PERRY, J.

(Galbraith, J., dissenting.)

This is an action of libel wherein the plaintiff claims damages for the publication by the defendant in its weekly newspaper, The Hilo Tribune, on December 1, 1900, of the following alleged libellous words: "Sons of the Deputy Sheriff of the Island and of the Captain of the Police for Puna between them control the unlicensed dope and liquor business of the Pahoehoe district. While they occasionally appear to be discharging their duties by jumping some individual who endeavors to do busi-

ness outside the combine, or in case such a one is lacking they
inveigle some perfectly innocent individual into giving them a
drink and seize the proffered bottle as evidence upon which to
base a false charge and conviction unsupported by other evi-
dence." Plaintiff is a son of the Deputy Sheriff referred to.
After trial before a jury, a verdict was rendered for the defend-
ant. The case comes to this Court on a number of exceptions
raising questions of the admissibility of evidence, of the cor-
rectness of certain instructions requested by the parties, and as
to whether the verdict is supported by the evidence.

Exception 19. Plaintiff requested the court to instruct the
jury as follows, and the request was refused: "I further in-
struct you that there is no evidence in this case which will war-
rant you finding that the defendant was justified in publishing
the article in question, or that the facts published by the de-
fendant are true. The only purpose for which you can consider
the evidence of witnesses who testify that the plaintiff is reported
to be guilty of the offense charged is to mitigate the damages
and rebut the presumption of malice." After an examination
of the transcript of the notes of evidence, we are of the opinion
that there was no evidence from which the jury could have
found that the words published were true or that the publication
falls within one of the classes of privileged communications.
The evidence adduced concerning the plaintiff's reputation and
of reports or rumors that he was engaged in illicit dealings in
liquor and opium, would not support a finding of the truth of
the words and was incompetent and inadmissible as proof on
that question, whether admissible or not for other purposes.

The Court below in its charge to the jury evidently proceed-
ed on the theory that the jury might properly find that the
publication in question was privileged and that the action could
not be maintained without proof of actual malice; and much
evidence was admitted as tending to throw light on the question
of malice. The jury was, under the instructions of the court,
at liberty to find that the publication was privileged and ac-
cordingly, in the absence of actual malice, to render a verdict for

the defendant. While much freedom is now permitted to news-papers in the criticism of the acts of public officers as such,—and it is under this class, apparently, that defendant claims priv-ilege in the case at bar—the publishers may not, with impunity, charge such an officer with the commission of an offense. They possess in this respect no immunity from liability not belonging to any other citizen. See 13 Am. & Eng. Encycl. Law, 419; *Hamilton v. Eno*, 81 N. Y., 116; *Upton v. Hume*, 21 L. R. A., 493; *Root v. King*, 7 Cowen, 613. The case before us is not one of a privileged communication. The giving of the instruc-tions on this subject, was, it is true, not excepted to, but the exception now under consideration necessarily raises the same questions. The instructions given were inconsistent with that requested by the plaintiff and proceeded on an erroneous view of the law; plaintiff's request, though perhaps in its second por-tion somewhat more favorable to the defendant than it should have been, was otherwise in accordance with the law and should have been given. See *Times Publishing Co. v. Carlisle*, 94 Fed. 762. Its refusal was clearly prejudicial to the plaintiff.

Exception 18. The plaintiff requested the court to instruct the jury as follows: "No. 1. I instruct you, gentlemen of the jury, that to print and publish, concerning any person, that he has sold opium or spirituous liquor in the Hawaiian Islands is libellous *per se*, and if you find from the evidence that the defendant printed and published, concerning the plaintiff, that he had thus sold spirituous liquor or opium, you must give a verdict for the plaintiff, unless you also find that the charge is true." This instruction was first given and then subsequently withdrawn. The court, in withdrawing it, said: "Well, that instruction ought not to have been given. There is nothing in the article that says he sold it. There is nothing in the trans-action that he sold it." The record shows that the trial judge, in passing on the bill of exceptions, explained that these re-marks were not addressed to the jury and should not be consid-ered as a part of the charge. The statements, however, were made in the presence and hearing of the jury. They were com-

ments upon a question of fact which it was in the province of the jury alone to determine, to-wit, what was the meaning of the alleged libellous words.   See 13 Am. & Eng. Encycl. Law, 379; Odgers, Libel and Slander, 93; Newell, Defamation, Slander and Libel, 290.   The jury may well have placed great weight upon and been influenced by the construction given by the court to the language; and if it was so influenced, it must have been to plaintiff's detriment, for the judge's construction was adverse to plaintiff's case.   The alleged libellous words were at least capable of the construction contended for by the plaintiff, and the question should have been submitted to the jury without any indication of the judge's views in the matter.   See Sec. 1, Chap. 56, Laws of 1892.

We regard Exhibit 10A, the stenographer's transcript of the notes of proceedings had in the settlement of exception 18, as being properly before us as a part of the bill of exceptions, for the reason that the trial judge himself, by an endorsement on the original bill, makes said exhibit a part thereof.

Whether or not, at the date of the publication referred to, it was an offense in this Territory to have in possession or to sell opium, and whether or not it was libellous *per se* at that time to charge one with such possession or sale, are questions which were not argued before us.   No opinion is expressed thereon. The court, although it refused plaintiff's request Number 1, nevertheless charged the jury that, "it is libellous *per se* to charge in a printed publication a person with an offense of sell-ing opium, the offense being punishable by imprisonment at hard labor, and its commission involving moral turpitude and subjects the offender to social degradation."   To this instruction no exception was taken.

Exceptions 15 and 16.    J. R. Wilson, a witness for the de-fendant, was asked in direct examination:   "Do you know his" (the plaintiff's) "general reputation in the community where he lives with reference to his controlling in any part or manner the opium business?" to which the answer was, "Well, I don't know, there is only one way in which I can answer that question.   On

several occasions these Chinamen have come to me to get opium and said it was for Henry Lyman." An objection to the question and a notice to strike out the answer and have the jury instructed to disregard it, were both overruled. The answer was clearly inadmissible as evidence either of general reputation or of the truth of the words published, or on any other theory. Specific acts may not be shown to prove reputation, and as evidence of the truth of the charge the statements made to the witness were hearsay.

By reason of these prejudicial errors, plaintiff is entitled to a new trial. The other exceptions need not be considered.

*Smith & Parsons* for plaintiff.

*Wise & Nickeus* for defendant.

### DISSENTING OPINION OF GALBRAITH, J.

I am not able to agree with the opinion of the majority of the court in this case. One reason for this is that I have a settled conviction that it is more important to declare the law of a case than to announce that the trial judge has committed error.

The plaintiff prepared his cause and tried it in the court below on the theory that the publication was libellous *per se*. He neither alleged nor proved special damages. The defense maintained that the charges made in the publication were true, and also that the publication was privileged.

The opinion concludes that there was no evidence before the jury from which it could have found that the charges were true and that the publication was not privileged, but refuses to express an opinion on the vital question in the case, i. e., whether or not the publication was libellous *per se*, although the court below instructed the jury that it was.

If the plaintiff's theory of the law of the case is not correct his exceptions should be overruled. If the publication is not libellous *per se* damages are not presumed but must be alleged and proved. There was no proof of actual damages and a judgment in his favor could not be maintained under any other view of the law than that maintained by the plaintiff. If there was

a failure of proof on the part of the plaintiff he was not prejudiced by any of the alleged errors and has no just cause to complain. So it seems to me that the court should have determined and announced the law of this case, i. e., whether or not the instruction of the court that the publication was libellous *per se* was correct.

The opinion determines that the trial court erred in refusing to instruct the jury that there was no evidence from which it could find that the alleged libellous words were true and that the court again erred in admitting and refusing to strike out the testimony of J. R. Wilson—evidence from which the jury might have found one of the charges to be true, i. e., that the plaintiff was engaged in the business of "handling dope." I am inclined to agree with the majority that the testimony of Wilson was improperly admitted and should have been stricken out but it was before the jury when the instruction was asked and while it was there the refusal to give the instruction was not error. The court below erred in one of these instances but clearly did not err in both of them.

Again the opinion proceeds: "The court below in its charge to the jury evidently proceeded on the theory that the jury might properly find that the publication in question was privileged and that the action could not be maintained without proof of actual malice," and this conclusion is announced in the face of the following words found in the charge of the court below to the jury, to-wit, "You must bear in mind that editors and publishers of newspapers are not privileged to publish libel in the dissemination of news, but are liable for libellous publications like other persons without proof of express malice or actual ill-will against the person libelled." I submit that this instruction is good law and is fully sustained by the leading case of *Times Pub. Co. v. Carlisle*, 94 Fed., 762, and does not warrant the conclusion above quoted from the majority of this court.

It thus appears to me that the real question of law presented by the record in this case remains unsettled and undetermined by the opinion.